IN THE UNITED STATES DISTRICT OF TEXAS
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| BRIAN BELTRAN and KARRAH BELTRAN, *Plaintiffs* § § § § § | |
| | CIVIL ACTION NO. SA-15-CA-00503-HJB |
| VS. § § § § | |
| UNITED STATES OF AMERICA, *Defendant* § § | |

PLAINTIFFS' MOTION TO EXCLUDE EXPERT
OPINIONS AND TESTIMONY OF JASON A. DROLL, PH.D.

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiffs BRIAN BELTRAN and KARRAH BELTRAN (herein "Plaintiffs") respectfully file this Plaintiffs' Motion to Exclude Expert Opinions and Testimony of Jason A. Droll, Ph.D. (herein "Droll"), and would show as follows:

## I.
## SUMMARY OF ARGUMENT

Droll's opinions and testimony in this case should be excluded at trial for the following reasons:

- Droll's opinions and testimony should be excluded in their entirety under Federal Rule of Evidence 702;

- Droll testified that he is not giving the opinion that road debris was a cause of the motor vehicle collision and does not justify Lara's conduct;[1]

---
[1] *See* Deposition of Jason A. Droll, Ph.D., attached hereto as Exhibit A, at 8:25-9:10; 88:18-22.

- Droll does not provide the opinion that the collision was caused by a sudden emergency or an unavoidable accident;[2]

- Droll is not qualified to determine Mr. Reyes' role and scope of qualifications and admits he is not an expert in the same field as Mr. Reyes;[3]

- Droll, Defendant's retained human factors expert, testified that he is not qualified to tell this Court what Defendant's employee should or should not have done while operating her vehicle;[4]

- Droll testified that he does not have the opinion that Defendant's employee acted appropriately to the highway conditions on the day in question.[5]

Droll offers no support for Defendant's argument regarding sudden emergency or avoidable accident and offers nothing which would aid the trier of fact in this case. Accordingly, Plaintiffs ask this Court to exclude Droll's opinions and testimony at trial.

## II.
## BACKGROUND

Plaintiffs brought suit for injuries sustained in a motor vehicle collision which occurred on August 11, 2013 in the center lane of IH-35. Plaintiffs' vehicle came to a gradual stop in traffic and was struck from behind by Defendant's vehicle, operated by its employee Kathryn Lara (herein "Lara").[6] Defendant maintains that inner tubes were released from a truck bed of IH-35 constituted a sudden emergency or unavoidable accident.[7] Plaintiffs dispute the existence of any sudden emergency or unavoidable accident. Defendant retained Droll, a human factors expert, to provide opinions

---

[2] *See* Exhibit A at 46:14-17; 47:6-25; 71:17-23.
[3] *Id.* at 41:20-42-8.
[4] *Id.* at 51:7-52:2.
[5] *Id.* at 51:3-6.
[6] *See* Stipulated Facts in Proposed Joint Pretrial Order (Document 52).
[7] *See* Defendant's asserted defenses in Proposed Joint Pretrial Order (Document 52).

regarding the avoidance potential of the collision and provide a response to Plaintiffs' retained accident reconstruction expert, Michael Reyes.[8]

### III.
### ARGUMENT AND AUTHORITES

Plaintiffs respectfully ask this Court to exclude the expert opinions and testimony of Droll at trial. Droll's opinions regarding the avoidance potential do not support the applicability of sudden emergency or unavoidable accident to the collision made the basis of this litigation, and Droll is not qualified to give opinion as to Plaintiffs' accident reconstruction expert's qualifications.

Droll's opinions and testimony should be excluded in their entirety under Federal Rule of Evidence 702, which states:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a)  The expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b)  the testimony is based on sufficient facts or data;
> (c)  the testimony is the product of reliable principles and methods; and
> (d)  the expert has reliably applied the principles and methods to the facts of the case.

*See* FED. R. EVID. 702. Droll offers nothing to help the trier of fact understand the evidence or determine a fact issue. Droll's testimony is based upon the testimony of Brian Beltran, Kathryn Lara, and the opinions of Defendant's accident reconstruction expert.[9] However, Droll admits that his opinion with regard to the distance between the vehicles involved

---

[8]   *See* Expert Report of Jason A. Droll, Ph.D., attached hereto as Exhibit B.
[9]   *See* Exhibit A at 39:7-10.

varies by a range of 100 feet.[10] Also, Droll could not apply the principles and methods he relies upon to confirm either sudden emergency or unavoidable accident.

Also, this Court should refuse to allow an expert to testify if the expert is not qualified to testify in a particular field or on a given subject. *See Wilson v. Woods*, 163 F.3d 935, 937 (5th Cir. 1999); *see also* FED R. EVID. 702. Droll testified that he is not qualified to give an opinion as to what Defendant's employee should or should not have done while operating her vehicle and is not qualified to determine Plaintiffs' accident reconstruction expert's role and scope of what qualification.[11] Accordingly, Droll's opinions and testimony should be excluded at trial.

A. **DROLL IS NOT GIVING THE OPINION THAT ROAD DEBRIS WAS A CAUSE OF THE COLLISION AND DOES NOT JUSTIFY LARA'S CONDUCT**

Despite Defendant's continued argument regarding inner tubes at the side of the road, Droll testified that he is not giving the opinion that road debris was a cause of the motor vehicle collision, stating as follows:

> Q. Okay. I'm looking at your report. It looks like that you're basically saying that the inner tube event was a distracting event which would justified Lara's conduct in not paying attention and striking the rear of my client's vehicle. Is that a fair statement?
>
> A. No, I don't think so.
>
> Q. Is it your position that Lara's failure to pay attention while driving was justified by this third-party conduct down the road?
>
> A. That is not my opinion.

***

---

[10] *See* Exhibit A at 15:2-16.
[11] *Id.* at 41:20-42:8; 51:7-52:2.

> Q. It's very simple, and I asked you this question when we first started at the depo: You're not giving the opinion today that road debris was a cause of this wreck; is that right?
>
> A. I do not have that opinion.[12]

Droll refused to provide any justification for Lara's driver inattention and does not have the opinion that road debris was a cause of the collision made the basis of this litigation.

**B.  DROLL DOES NOT PROVIDE THE OPINION THAT THE COLLISION WAS CAUSED BY A SUDDEN EMERGENCY OR UNAVOIDABLE ACCIDENT**

Droll does not provide the opinion that the collision made the basis of this litigation was caused by a sudden emergency or by an unavoidable accident. Droll's testimony confirms that the inner tubes on the side of IH-35 did not constitute a sudden emergency:

> Q. You and I agree that, based upon the defendant's testimony, the inner tube event did not even occur in her lane of traffic; correct?
>
> A. Correct.
>
> ***
>
> Q. Well, did the inner tube go into her lane of traffic?
>
> A. My understanding, from the testimony, is that she did not describe that.
>
> Q. The truck that was carrying the inner tube, was that in her lane of traffic?
>
> A. No.
>
> Q. The people who jumped out of the truck to chase the inner tube, was that in her lane of traffic?
>
> A. No.
>
> Q. All right. None of those events occurred in her lane of travel; correct.

---

[12] *See* Exhibit A at 8:25-9:10; 88:18-22.

> A. Correct.
>
> Q. I understand that you're saying, Hey, look, that doesn't mean it couldn't have an effect on the traffic in her lane, but [*sic*] – and I get that, but we can agree, at least, that the events that she was paying attention to occurred down the road and in a different lane of traffic than that which she was driving in?
>
> A. That's my understanding, yes.[13]

Furthermore, Droll would not give the opinion that the collision was an unavoidable accident:

> Q. More likely than not, this wreck would not have happened had she paid attention to cars in front of her; fair?
>
> A. If at the moment of the Beltran braking she was looking at that vehicle and attending to the distance and speeds, I would expect most drivers to avoid collision.[14]

Droll's testimony makes clear that, when considering the facts in this case, he will not give expert opinion which supports Defendant's argument regarding sudden emergency or unavoidable accident.

## C. DROLL IS NOT QUALIFIED TO DETERMINE MR. REYES' ROLE AND SCOPE OF QUALIFICATIONS

Droll is a human factors expert, not an accident reconstruction expert, and thus he is not qualified to determine Mr. Reyes' role and scope of qualifications. Droll admits his expertise is in a different field and testified as follows:

> Q. Okay. You were kind enough, Dr. Droll, to circle the areas with the areas with the various topics from 1 through 25 that you disagreed with on Mr. Reyes' report; correct?
>
> A. Yes.
>
> Q. To make sure I'm clear, these are the ones you disagree with, the circles?

---

[13] *See* Exhibit A at 46:14-17; 47:6-25.
[14] *Id.* at 71:17-23.

> A. And, to clarify the scope of my disagreement, either I think it's an erroneous conclusion, or Mr. Reyes's [sic] conclusion goes outside the scope of what would – he would be capable of doing as an expert in serving the court.
>
> Q. Are you the same type of expert he is?
>
> A. We have different fields.
>
> Q. Right. How do you know what is – he is qualified or not qualified to do? Do you generally make that type of decision in your field as a human factors expert for the defendants?
>
> A. Well, I'm always evaluating my role and scope in a case.
>
> Q. Well, how – how are you qualified to determine his role and scope of what he's qualified to testify about?
>
> A. Well, ultimately, of course, that's up to the – the court –[15]

Droll further testified that he is not qualified to tell this Court what Defendant's employee should or should not have done while operating her vehicle:

> Q. Okay. Do you agree or disagree that the defendant, assuming that this inner tube event occurred and everything she says is accurate – which you've already established everything she said was not accurate – assuming that what she says is – is correct, do you agree that she should have began [sic] braking while she started to observe that event versus just watching it and doing nothing?
>
> A. You used the term "should" there, and I'm going to state there – form any conclusion on that [sic].
>
> Q. You have no opinion one way or the other?
>
> A. Correct.
>
> Q. All right. So you're not qualified to tell this judge anything about what the defendant should or should not have done while operating her vehicle?
>
> A. My understanding of the term "should" is that there's no scientific parameters for that and that's a decision for the Court.[16]

---

[15] *See* Exhibit A at 41:20-42-8.

Additionally, Droll testified that he does not have the opinion that Defendant's employee acted appropriately to the highway conditions on the day in question:

> Q. Is it your testimony that the defendant acted appropriately to the highway conditions that she was confronted with?
>
> A. I do not have that opinion.[17]

Droll's testimony establishes the fact that he offers no support for Defendant's argument regarding sudden emergency or avoidable accident and offers nothing which would aid the trier of fact in this case. Accordingly, Droll's opinions and testimony should be excluded in their entirety under Rule 702.

## PRAYER

For the aforementioned reasons Plaintiffs respectfully pray the Court grant Plaintiffs' Motion to Exclude Expert Opinions and Testimony of Jason A. Droll, Ph.D., and for any such further relief as Plaintiffs may show themselves justly entitled.

Respectfully submitted,
**THE LAW OFFICES OF THOMAS J. HENRY**

By: **/s/ Russell W. Endsley**
Russell W. Endsley
Federal ID No.: 28492
State Bar No. 24026824
Thomas J. Henry
Federal ID No.: 12980
State Bar No.: 09484210
521 Starr Street
Corpus Christi, Texas 78401
Telephone: 361-985-0600
Facsimile: 361-985-0601
Email:rendsley-svc@thomasjhenrylaw.com
*Attorneys for Plaintiffs*

---

[16] *See* Exhibit A at 51:7-52:2.
[17] *Id.* at 51:3-6.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been forwarded to all counsel of record in accordance with the Federal Rules of Civil Procedure, on this the 26th day of September, 2016.

*<u>Via E-Service and/or Facsimile: (210) 384-7345</u>*
James F. Gilligan
Assistant United States Attorney
601 N.W. Loop 410, Suite 600
San Antonio, Texas 78216

<u>/s/ Russell W. Endsley</u>
Russell W. Endsley